UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA

-v-

YEW WENG LEONG

-----------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-04-194 (ARR)
JOYCE C. LONDON, ESQ
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
Defendant's Attorney & Address

THE DEFENDANT:
XXX  pleaded guilty to count one of the indictment.
___  was found guilty on counts                              after a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 18 USC 1029 | CONSPIRACY TO COMMIT CREDIT CARD FRAUD. | ONE (1) |

The defendant is sentenced as provided in pages 2 through ___ of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___  The defendant has been found not guilty on count(s)           and is discharged as
    to such count(s).
XXX  Remaining counts are dismissed on the motion of the United States.
XXX  It is ordered that the defendant shall pay to the United States a special
    assessment of $100.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_ _____

Defendant's Date of Birth 1/10/82

Defendant's Mailing Address:

141-16 25 AVENUE

WHITESTONE, NEW YORK 11357

Defendant's Residence Address:

( SAME AS ABOVE )

_____

AUGUST 16, 2005
Date of Imposition of Sentence

_____
ALLYNE R. ROSS, U.S.D.J.

AUGUST 16, 2005
Date

A TRUE COPY ATTEST
Date:_____
ROBERT C. HEINEMANN
CLERK OF COURT

By:_____

DEPUTY CLERK

Defendant: YEW WENG LEONG
Case Number: CR-04-194 (ARR)

Judgment - Page    of

PROBATION

The defendant is hereby placed on probation for a term of three (3) years.

While on probation, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this Judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.
2) DEFT SHALL MAKE FULL FINANCIAL DISCLOSURE TO THE U.S. PROBATION DEPARTMENT.
3) DEFT SHALL COMPLY WITH THE ORDER OF RESTITUTION.
4) DEFT SHALL NOT INCUR ANY NEW LINE OF CREDIT WITHOUT THE PERMISSION OF THE COURT OR THE U.S. PROBATION DEPARTMENT.
5) DEFT SHALL NOT POSSESS ANY FIREARMS.

Defendant: YEW WENG LEONG
Case Number: CR-04-194(ARR)

Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00    , consisting of a fine of $   N/A    and a special assessment of $ 100.00    .

____ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

        This sum shall be paid ____ immediately
                                ____ as follows:

**XXX**  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

        ____ The interest requirement is waived.
        ____ The interest requirement is modified as follows:

Defendant: YEW WENG LEONG
Case Number: CR-04-194(ARR)

Judgment - Page    of

RESTITUTION, FORFEITURE, OR
OTHER PROVISIONS OF THE JUDGMENT

XXX DEFT SHALL MAKE FULL RESTITUTION IN THE AMOUNT OF $61,500; TO BE PAID AT THE RATE OF 25% OF THE DEFT'S NET DISPOSABLE INCOME PER MONTH WHILE ON PROBATION. THE INTEREST ON RESTITUTION IMPOSED IS WAIVED BY THE COURT. DEFT SHALL PAY $30,750 TO BARNES & NOBLE.COM AND 30,750 TO AMAZON.COM. RESTITUTION SHALL BE MADE TO THE CLERK OF THE COURT, 225 CADMAN PLAZA EAST, BROOKLYN, NEW YORK 11201.

BARNES & NOBLE .COM
ATTN: MICHAEL CAPUTO
111 8th AVENUE, 9th FL.
NEW YORK, NEW YORK 10011

AMAZON.COM
ATTN: FRAUD DEPARTMENT
P.O. BOX 81226
SEATTLE, WASHINGTON 98108